1
2
3
4
5
6
7

8   UNITED STATES DISTRICT COURT

9   CENTRAL DISTRICT OF CALIFORNIA

10

11  DONALD RAY MILLWEE,                ) Case No.: CV 99-7220 AB

12                    Petitioner,      ) **<u>DEATH PENALTY CASE</u>**

13           v.                        ) ORDER GRANTING

14  RON DAVIS, * Acting Warden of      ) RESPONDENT'S MOTION TO
                                       ) VACATE STAY; AND SETTING
    California State Prison at San Quentin, ) SCHEDULE FOR MERITS BRIEFING

15

16                    Respondent.      )

17  _____  )

18          Having reviewed Respondent's Motion to Vacate Stay, the opposing and

19  reply papers, the Court grants Respondent's Motion and vacates the stay.

20  Additionally, the Court sets a schedule for merits briefing.

21      **I.    Procedural History**

22          Petitioner filed a Petition for Writ of Habeas Corpus on February 18, 2000.

23  After exhausting claims in state habeas petitions, on April 30, 2007, Petitioner

24  filed a First Amended Petition for Writ of Habeas Corpus in this Court.   On

25  December 10, 2007, Respondent filed an answer, and on March 26, 2008,

26  Petitioner filed his traverse.

27  _____

28  * Ron Davis is substituted for his predecessors as Acting Warden of the California State Prison at
    San Quentin, pursuant to Federal Rule of Civil Procedure 25(d).

After reviewing the parties' joint stipulation and expert reports provided by both parties, on November 21, 2008, the Court issued an order finding that "Petitioner does not have the capacity to understand his position and to communicate rationally with counsel." 11/21/08 Ord. Granting Stay, docket #115, Page ID#2121. Additionally, the Court found that "there are claims in the instant case that would clearly benefit from communications, information, recollections, and explanations from Petitioner." *Id.* Having so found, and relying on the holding in *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), the Court concluded that Petitioner was "entitled to an indefinite stay of his federal habeas action, pending restoration of competency." *Id.*

Except for Petitioner's filing of annual reports, there had been no further litigation of the case until November 21, 2013, when Respondent filed a motion to vacate stay. Respondent bases his motion to vacate on two recent United States Supreme Court cases; *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388 (2011) and *Ryan v. Gonzales*, ___ U.S. ___, 133 S.Ct. 696 (2013). Respondent argues that because *Pinholster* holds that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," any independent knowledge that Petitioner might have could not be considered by the Court in any event. 131 S.Ct. at 1398. Additionally, Respondent argues, that the holding in *Gonzales* makes clear that there is no statutory support for the notion that petitioners have a right to be competent in §2254 proceedings and that, although the district court retains the "equitable power" to issue a stay when a petitioner is determined to be incompetent, "a stay is not generally warranted when a petitioner raises only record-based claims subject to 28 U.S.C. § 2254(d)." 133 S.Ct. at 709. Moreover, Respondent argues, the *Gonzales* court found that even

> [i]f a district court concludes that the petitioner's claim could
> substantially benefit from the petitioner's assistance, the district court

1    should take into account the likelihood that the petitioner will regain
2    competence in the foreseeable future. Where there is no reasonable
3    hope of competence, a stay is inappropriate and merely frustrates the
4    State's attempts to defend its presumptively valid judgment.
5    *Id*. at 709.

6        Petitioner argues that *Gonzales* is factually distinguishable and therefore,
7    does not require this Court to lift the stay.  However, Petitioner suggests that the
8    Court temporarily lift the stay for the limited purpose of ordering the parties to
9    discuss settlement, as was done by Judges in the Eastern and Northern Districts in
10   similar cases where the petitioner was found to be permanently incompetent.

11       In his Reply, Respondent argues that to the extent Petitioner raises any
12   factual distinctions between his case and the cases considered in *Gonzales*,
13   Petitioner fails to demonstrate the significance of these distinctions.  Additionally,
14   Respondent argues that there is no authority that would allow Respondent to
15   settle, or to allow other state officials to settle, this habeas case.

16   **II.    Legal Standard**

17       The decision to grant a stay or to suspend proceedings before it, is
18   "generally left to the sound discretion of the district court." *Gonzales*, 133 S.Ct. at
19   708; *see also, Clinton v. Jones*, 520 U.S. 681, 706 (1997) (discussing district
20   court's "broad discretion to stay proceedings as an incident to its power to control
21   its own docket").  "AEDPA does not deprive district courts of that authority, but it
22   does circumscribe their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005)
23   (citation omitted). Any stay a District Court grants should be compatible with the
24   goals of AEDPA, including the goal of "reduc[ing] delays in the execution of state
25   and federal criminal sentences, particularly in capital cases."   *Id*. (internal
26   quotation marks omitted).

27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   Analysis

*Gonzales* clearly dictates the Court's determination here.  When the Court entered a permanent stay in 2008, *Rohan* was the controlling authority in this Circuit.  In *Rohan*, the Ninth Circuit concluded that there was statutory support, in the form of what became 18 U.S.C.§ 3599, for the notion that a federal petitioner has a right to competence in federal habeas proceedings, and that it would be a denial of that right if the Court refused to enter a stay where an incompetent capital habeas petitioner raises claims that could potentially benefit from his ability to communicate rationally.  *Rohan*, 334 F.3d at 819.  Given the dictates of *Rohan* it was entirely appropriate for this Court to enter a permanent stay when it did and under the circumstances before it.  With the Supreme Court's unanimous decision in *Gonzales*, the legal landscape has shifted.

In *Gonzales*, the Supreme Court granted certiorari to determine whether the "federal statute guaranteeing federal habeas petitioners on death row the right to federally-funded counsel," 18 U.S.C. § 3599, and the federal statute governing competency proceedings for federal criminal defendants, 18 U.S.C. § 4241, "provide[ ] a statutory right to competence in federal habeas proceedings." *Id*. at 701–02.  The *Gonzales* Court considered two cases from the United States Court of Appeals *In re Gonzales*, 623 F.3d 1242 (9th Cir. 2010) and *Carter v. Bradshaw*, 644 F.3d 329 (6th Cir. 2011).

After exhausting his post-conviction remedies in the Arizona state courts, Mr. Gonzales filed a § 2254 petition in district court. *Gonzales*, 133 S.Ct. at 700. "While the petition was pending, Mr. Gonzales' appointed counsel moved to stay the proceedings, contending that Mr. Gonzales was no longer capable of rationally communicating with or assisting counsel." *Id*.  Relying on *Rohan*, the district court denied a stay "after concluding that the claims properly before it were record based or resolvable as a matter of law and thus would not benefit from Gonzales' input." *Id*. at 701.  "The [district] court found it unnecessary to determine whether

Gonzales was incompetent, though it did find that he possessed at least a limited capacity for rational communication." *Id.* (quotation marks omitted).   Mr. Gonzales then filed "an emergency petition for a writ of mandamus in the Ninth Circuit." *Id.*   While his case was pending before it, the Ninth Circuit decided *Rohan.*   Applying *Rohan*, the Ninth Circuit granted the writ of mandamus, "concluding that even though Gonzales' 'exhausted claims are record-based or legal in nature, he is entitled to a stay pending a competency determination' under 18 U.S.C. § 3599." *Id.*   (quoting *In re Gonzales*, 623 F.3d at 1244).

After examining the text of § 3599, and considering the distinctions between the right to counsel at trial under the Sixth Amendment and the right not to be tried if incompetent under the Due Process Clause, the Supreme Court squarely rejected the Ninth Circuit's holding that the right to counsel in § 3599 created a right to be competent in federal habeas proceedings.  *Id.* at 702–06.  The Supreme Court explained:

> We are not persuaded by the Ninth Circuit's assertion that a habeas petitioner's mental incompetency could eviscerate the statutory right to counsel in federal habeas proceedings.   Given the backward-looking, record-based nature of most federal habeas proceedings, counsel can generally provide effective representation to a habeas petitioner regardless of the petitioner's competence.   Indeed, where a claim is adjudicated on the merits in State court proceedings, counsel should, in most circumstances, be able to identify whether the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, without any evidence outside the record.

*Id.* at 704–05 (internal citation and quotation marks omitted).

Sean Carter's case was in a different procedural posture than Mr. Gonzales'. After he exhausted his state court remedies in Ohio, Mr. Carter initiated his federal habeas proceedings. *Id.* at 701. "Carter eventually filed a third amended petition, along with a motion requesting a competency determination and a stay of the proceedings," which the district court granted. *Id.* After psychiatric evaluations and a competency hearing, "the District Court found Carter incompetent to assist counsel." *Id.* Applying *Rohan*, the district court determined that "Carter's assistance was required to develop four of his exhausted claims." *Id.* "[T]he court dismissed [Carter's] habeas petition without prejudice and prospectively tolled the statute of limitations." *Id.*

Like the Ninth Circuit, the Sixth Circuit concluded that petitioner's have a statutory right to competency during federal habeas proceedings. The Sixth Circuit located this statutory right to competence in 18 U.S.C. § 4241, relying on the Supreme Court's application of §4241 in staying the petition for writ of certiorari in *Rees v. Peyton*, 384 U.S. 312 (1966).

In *Rees*, a death-sentenced petitioner, through counsel, filed a petition for writ of certiorari. *Id.* at 313. About one month after the petition was filed, petitioner sought to withdraw it and forego any other efforts to save his life. *Id.* Petitioner's counsel informed the Court that he questioned petitioner's competence to make such a decision and that counsel could not ethically withdraw the petition without petitioner first undergoing a competency evaluation. *Id.* While petitioner's expert concluded that petitioner was incompetent, the state's expert doubted such was the case. *Id.* Consequently, the Supreme Court ordered the district court to make a "judicial determination as to petitioner's competence" and citing what later became 18 U.S.C. § 4241, encouraged the Court to subject petitioner to appropriate psychiatric and medical testing, and even hospitalization, if necessary. *Id.*

In *Carter*, the Sixth Circuit held that "[b]y applying section 4241 to habeas actions," *Rees* "defines a statutory right for the petitioner to be competent enough to (1) understand the nature and consequences of the proceedings against him, and (2) assist properly in his defense." *Carter*, 644 F.3d at 333. The Sixth Circuit ordered that Carter's petition be stayed indefinitely "with respect to his ineffective assistance claims and any other claims that . . . require his assistance." *Id*. at 337; see also *Gonzales*, 133 S.Ct. at 702.

In *Gonzales*, the Supreme Court rejected the Sixth Circuit's conclusion, explaining that its decision in *Rees* "did not recognize a statutory right to competence in federal habeas proceedings," and indeed that § 4241 "does not even apply to such proceedings." *Id*. at 706; *see also id*. at 705–07.

Having decided that there was no statutory right to be competent in federal habeas proceedings, the *Gonzales* Court turned to Mr. Gonzales' and Mr. Carter's arguments that the district courts have the "equitable power to stay proceedings when they determine that habeas petitioners are mentally incompetent." *Id*. at 707; *see also id*. at 707–09. The Supreme Court reaffirmed that "[d]istrict courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion," and the parties agreed that "AEDPA does not deprive district courts of [this] authority." *Id*. at 708 (quoting *Rhines*, 544 U.S. at 276 (citation omitted)). However, the parties disagreed about the "types of situations in which a stay would be appropriate and about the permissible duration of a competency-based stay." *Id*. Significantly, for the purposes of resolving the cases before it, the Court found that "it [was] unnecessary to determine the precise contours of the district court's discretion to issue stays" and thus, the Court "address [ed] only [the] outer limits" of that discretion. *Id*.

With respect to Mr. Gonzales, the Supreme Court held that the district court did not abuse its discretion in denying a stay "because a stay is not generally warranted when a petitioner raises only record-based claims subject to 28 U.S.C. §

2254(d)." *Id*. The Court emphasized that the "district court correctly found that all of Gonzales' properly exhausted claims were record based or resolvable as a matter of law, irrespective of Gonzales' competence." *Id*. The Court explained that "review of such claims 'is limited to the record that was before the state court that adjudicated the claim on the merits.'" *Id*. (quoting *Pinholster*, 131 S.Ct. at 1398). Thus, "any evidence that a petitioner might have would be inadmissible." *Id*.

With regard to Mr. Carter, the Supreme Court noted that the district court had "concluded that four of Carter's claims could potentially benefit from Carter's assistance." *Id*. at 708–09. Because "three of these claims were adjudicated on the merits in state postconviction proceedings," the Supreme Court concluded they were subject to review under § 2254(d). *Id*. at 709. As the Court found with respect to Mr. Gonzales, "[a]ny extrarecord evidence that [Mr.] Carter might have concerning these [three] claims would therefore be inadmissible." *Id*. Thus, the Court concluded that these claims did not warrant a stay. *Id*. With respect to Mr. Carter's fourth claim, the Supreme Court could not determine from the record whether this claim, alleging ineffective assistance of appellate counsel, was exhausted. *Id*. at 709 & n. 16. But, even assuming this "claim was both unexhausted and not procedurally defaulted," the Court concluded that "an indefinite stay would be inappropriate" because "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id*. (quoting *Rhines*, 544 U.S. at 277). The Court made clear that "[w]ithout time limits [on stays], petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Id*. (alteration in original) (quoting *Rhines*, 544 U.S. at 277–78). Ultimately, because the district court in Mr. Carter's case had deferred ruling on the procedural default issue, the Supreme Court left the fourth

claim for the district court to resolve on remand. *Id.* at n. 16. However, the Court constrained the district court's discretion on remand in the following way:

> If a district court concludes that the petitioner's claim could substantially benefit from the petitioner's assistance, the district court should take into account the likelihood that the petitioner will regain competence in the foreseeable future. Where there is no reasonable hope of competence, a stay is inappropriate and merely frustrates the State's attempts to defend its presumptively valid judgment.

*Id.* at 709.

In the instant action, there is no disagreement that Petitioner is incompetent and that he cannot be returned to competence. The only disagreement is whether Petitioner's claims would, or could, substantially benefit from his assistance. Such disagreement, however, does not alter the outcome compelled by *Gonzales*.

*Gonzales* make two things very clear regarding claims which might benefit from a petitioner's reasoned input: first, if those claims are record-based, petitioner's input is not just unnecessary, it is prohibited. (*Gonzales*, 133 S.Ct. at 708; *see also Pinholster*, 131 S.Ct. at 1398); second even if a petitioner's claims are unexhausted and not procedurally defaulted–and thus not confined by the strictures of § 2254(d), an indefinite stay is not appropriate when a return to competence is unlikely (*Gonzales*, 133 S.Ct. at 709).

Here, it is undisputed that petitioner is permanently incompetent. To the extent Petitioner's claims are record-based, Petitioner's input is unnecessary. To the extent Petitioner's claims are entitled to *de novo* review because they do not fall under §2254(d), he is unable to provide meaningful input because of his incompetence. But, because all agree that there is no "reasonable hope that Petitioner will be returned to competence," a stay is "inappropriate." *Gonzales*, 133 S.Ct. at 709. Consequently, *Gonzales* compels this Court to conclude that

continuance of a permanent stay is inappropriate and that this case must move forward to a merits determination even without Petitioner's input.

Moreover, there is no meaningful alternative to lifting the stay and deciding the merits of Petitioner's case. If history were to repeat itself, as appears likely, following Petitioner's suggested course of action by ordering this case to alternative dispute resolution will not result in settlement. *See McPeters v. Chappell*, Case No. 1:95-cv-5108; *Stanley v. Chappell*, Case No. 3:07-cv-4727. Both *McPeters* and *Stanley* continue to be actively litigated more than a year after they were ordered to settlement. Additionally, as in both *McPeters* and *Stanley*, the Warden maintains the position that he is without authority to settle a capital habeas proceeding, nor does he have the authority to compel any other agency or entity to settle.

## IV. Conclusion

Accordingly, based on the foregoing:

1. Respondent's Motion to Vacate Stay (docket #122) is GRANTED. The stay in this action shall be vacated *instanter*.

2. No later than July 31, 2015, Petitioner shall file his Opening Brief addressing the merits of all the claims and, demonstrating, for each claim, the California Supreme Court's violation of § 2254(d) on the basis of the state court record and consistent with the United States Supreme Court's holdings in *Harrington v. Richter*, 131 S. Ct. 770 (2011) and *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Petitioner's Opening Brief shall not exceed 150 pages.

3. Respondent's Opposition Brief shall be filed on or before October 30, 2015, and shall not exceed 150 pages.

4. Petitioner's Reply, if any, shall be filed on or before December 7, 2015, and shall be limited to no more than 25 pages.

5. The parties need not include a lengthy discussion of the facts, testimony, or exhibits adduced at trial or on appeal. A lengthy recitation of the

procedural background is also unnecessary.  Those materials and that information are available in multiple other documents previously submitted by the parties, including the core pleadings.  Rather the parties shall focus on legal arguments with citations to those portions of the record or exhibits where support for their arguments can be found.

6.    The briefing set forth above shall not include or discuss any procedural bar challenges.  *See Lambrix v. Singletary*, 520 U.S. 518, 524-25, 117 S.Ct. 1517, 1523 (1997).

7.    The Court will not increase the established page limits and it does not anticipate entertaining requests for extensions of time to file the ordered briefing.

8.    All briefing shall comport with the form and formatting requirements of Local Rule 11-3.

9.    The parties shall not submit paper copies of any briefing or exhibits either to chambers or to the Death Penalty Law Clerks.

10.    Petitioner shall submit any proposed amendments to the Phase III Budget no later than February 27, 2015.

**IT IS SO ORDERED**.

Dated:         February 11, 2015

_____

André Birotte Jr.
United States District Judge